**Lawrence V. HARDESTY, Sr., Plaintiff**

**v.**

**AMERICAN SEATING CO., Defendant**

**No. CIV.A. AMD 01–1130.**

United States District Court,
D. Maryland.

April 22, 2002.

Charles G. Bernstein, Bernstein and Sakellaris, Baltimore, MD, for Plaintiff.

Brian S. Goodman, Fedder and Garten PA, Baltimore, MD, for Defendant.

### ORDER

DAVIS, District Judge.

Plaintiff's motion for reconsideration and/or supplementation of the record has been read and considered. No basis is offered for vacating the judgment entered in this case in favor of defendant; accordingly, the motion for reconsideration is denied.

■ With respect to the request to supplement the record, I indicated at the hearing that it would not be fair, after the close of discovery, to permit plaintiff to introduce a supplemental affidavit from his expert. Accordingly, although I was willing to permit the plaintiff to make his expert available (even by video conference) for a belated hearing pursuant to Fed. R.Evid. 104, it is simply not appropriate to reopen the factual record on a unilateral basis after discovery has closed and arguments in support of the cross-motions for summary judgment had been fully presented.

■ In any event, the bald statement by plaintiff's expert in the supplemental affidavit that "I know that load bars will not fall unless . . ." suffers from the same infirmities as the expert's earlier submissions. Courts have reiterated that the unadorned attestations that something is true simply because an expert says so is not sufficient under Fed.R.Evid. 702. *See Shreve v. Sears, Roebuck & Co.*, 166 F.Supp.2d 378, 399 (D.Md.2001)("The Fourth Circuit does not accept opinions from experts simply because the 'expert says it is so.') *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 421 (4th Cir.1993)(quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 421 (5th Cir.1987).")· Plaintiff's expert simply has no way to know, *inter alia*, rationally, *where* the dislodged load bars were installed in the trailer or *how securely* they were installed. His conjecture as to how they came to be dislodged is nothing more than a process of reasoning backwards from the fact that they were dislodged, a process within the ken of any moderately intelligent adult.

Accordingly, the motion for reconsideration, etc., is this 22nd day of April, 2002, DENIED. The Clerk shall transmit a copy of this order to counsel.